**FRANCES ROONEY**, Individually and as Administratrix of the Estate of JOHN J. ROONEY, Deceased, Respondent, v. S. A. HEALY Co. et al., Defendants, and MINE SAFETY APPLIANCES Co., Appellant.— In an action to recover damages for the wrongful death of plaintiff's husband, defendant Mine Safety Appliances Co. appeals (1) from so much of a judgment of the Supreme Court, Richmond County, entered May 20, 1965, as on a jury's verdict was in favor of plaintiff against it; and (2) from an order of said court, entered August 21, 1963, which granted plaintiff leave to serve an amended complaint. Order affirmed, without costs. Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact implicit in the verdict are affirmed. In our opinion, plaintiff failed to make out a prima facie case of breach of warranty. On October 2, 1957 decedent entered a sewer carrying an oxygen-producing mask, manufactured and shipped by appellant to defendant S. A. Healy Co. in June, 1953, and which Healy sold to decedent's employer on November 19, 1956. Within less than a half hour after he entered the sewer, decedent died from asphyxia. Death is attributed to the alleged failure of the mask to serve the purpose for which it was intended. The mask did not serve such purpose either because (1) decedent failed manually to depress the plunger of the relief pressure valve; or (2) the relief pressure valve did not function properly, even if the plunger was manually depressed. There was no proof whether the plunger was depressed by decedent. Assuming that the plunger was depressed, plaintiff claims that the valve did not function properly as the result of any one of three possible causes: (a) there was no housing to protect the plunger from being bent when it came in contact with some solid substance; (b) the solder at the end of the plunger was inadequate; (c) the screws which fastened the plunger to the relief valve were inadequate. The first possibility was not established because the plunger was missing and unaccounted for. The second possibility was stated by plaintiff's expert to be immaterial. In our opinion, the third possibility that the screws became loose because of inadequacy in initial design, is too conjectural in view of the facts that the mask was in circulation for more than four years between its manufacture and the time of the accident, it functioned properly when tested by decedent prior to entering the sewer, and, after its alleged use by decedent, it was subjected to outside handling and exposure in the roadway during rescue activity. Where evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed which accords with its absence (*Digelormo* v. *Weil*, 260 N. Y. 192, 199–200). Beldock, P. J., Hill and Benjamin, JJ., concur. Rabin and Hopkins, JJ., dissent and vote to affirm the judgment.